**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-2497**

KAVEH S. SHAHI; LESLIE S. SHAHI,

                Plaintiffs - Appellants,

      v.

PUTNAM LLC,

                Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  J. Frederick Motz, Senior District Judge.  (1:04-cv-02605-JFM; 1:04-md-15863-JFM)

Submitted:  August 25, 2014      Decided:  September 4, 2014

Before SHEDD, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kaveh S. Shahi, CLEARY SHAHI & AICHER, P.C., Rutland, Vermont, for Appellants.  James R. Carroll, Peter Simshauser, Eben Colby, SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, Boston, Massachusetts, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kaveh S. Shahi and Leslie S. Shahi ("the Shahis") appeal from the district court's August 26, 2013 order dismissing count IV of their initial complaint and its November 27, 2013 order dismissing their amended complaint in their civil action under the Securities Exchange Act of 1934, the Securities Act of 1933, and Vermont law. We affirm.

First, the Shahis claim that the district court did not have jurisdiction over their action as of July 18, 2012, the date on which the court issued an order directing them to show cause why their action should not be administratively closed. The Shahis, however, fail to support this claim in accordance with Fed. R. App. P. 28(a)(8)(A) ("[T]he [appellant's] argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."). We therefore deem this claim abandoned. See Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 607 (4th Cir. 2009); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).[*]

---

[*] We decline to consider the Shahis' contention — premised on the summary assertions they raise in support of their jurisdictional claim — that the district court erred in denying their motion for a suggestion of remand because this contention
(Continued)

Next, with respect to the district court's dismissal of count IV of the Shahis' initial complaint for a violation of the Vermont Consumer Fraud Act, Vt. Stat. Ann. tit. 9, § 2453, we have reviewed the parties' briefs and the record on appeal and find no reversible error. Accordingly, as to that count, we affirm for the reasons stated by the district court. Shahi v. Putnam LLC, No. 1:04-cv-02605-JFM (D. Md. Aug. 26, 2013).

With respect to the district court's dismissal of the amended complaint, we also find no reversible error. Counts I, II, and V of the amended complaint — which sought relief under the Vermont Securities Act, Vt. Stat. Ann. tit. 9, § 5501, and Section 12 of the Securities Act of 1933, 15 U.S.C. § 77l(a)(2), were properly dismissed, as the Shahis did not plead these counts with the particularity required by Fed. R. Civ. P. 9(b). Count III of the amended complaint — which sought "rescission" under Vermont common law — fails because rescission is a remedy under Vermont law, not a cause of action. Wilk Paving, Inc. v. Southworth Milton, Inc., 649 A.2d 778, 783 (Vt. 1994). Finally, we deem waived the Shahis' challenge to the district court's dismissal of count IV of the amended complaint because the

is raised for the first time in their reply brief. Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001) (per curiam).

3

Shahis fail to provide a clear argument as to how or why the district court erred in dismissing this count. See Belk, Inc. v. Meyer Corp., U.S., 679 F.3d 146, 153 n.6 (4th Cir. 2012). We therefore affirm the district court's dismissal of the amended complaint.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4